THE PEOPLE ex rel. DENNIS HOGAN et al., Appellants, *v.* CORNELIUS FLYNN, Respondent.

THE PEOPLE ex rel. GEORGE L. LOUTREL et al., Appellants, *v.* PATRICK McCABE, Respondent.

The legislative intent in the passage of the provision of the act of 1872, relating to courts in the city of New York (§ 1, chap. 438, Laws of 1872), which declares that "there shall be a clerk and an assistant clerk in each of the district courts of said city, who shall be appointed by the justices of said courts," etc., was to provide for the appointment of an additional clerk for each of said courts, and to apply to both the then existing laws relative to the tenure of office, powers and duties of clerks.

As by the then existing law (§ 7, chap. 514, Laws of 1851) the tenure of office of the clerks of said courts was the same as that of the justices thereof, a justice of one of said courts has no authority to remove at pleasure its assistant clerk appointed under said act, and such a removal is illegal and void.

Under said provision of the act of 1872, the appointment of the clerk and assistant clerk of a district court is to be made by the justice thereof, not by the justices of all the courts as a body.

*People ex rel. Hogan et al.* v. *Flynn* and *People ex rel. Loutrel et al.* v. *McCabe* (4 Hun, 647) reversed.

(Argued June 18, 1875; decided June 25, 1875.)

THESE were appeals from orders of the General Term of the Supreme Court in the first judicial department, setting aside verdicts in favor of plaintiffs and granting new trials. (Reported below, 4 Hun, 647.)

These actions were each in the nature of a *quo warranto,* the first being to oust defendant from the office of assistant clerk of the District Court for the first judicial district of the city of New York, and the second to oust defendant from the same office in the third district.

It appeared, in each case, that the relator was, after the passage of the act chapter 438, Laws of 1872, appointed assistant clerk by the justice of the District Court above specified. He entered upon the duties of his office and continued to perform its duties until he was removed by the justice appointing him, and defendant was appointed in his place. The defendants, also, claimed under appointments signed by nine of the ten justices of the District Courts.

In each case the court was requested by defendant's counsel to charge that the power was vested in the justice to remove the assistant clerk at pleasure. Also, that the power of appointment was vested in the justices as a body, not in the justice of each separate court. The court refused so to charge, and defendants' counsel excepted. The court directed a verdict in each case for the plaintiffs, which was rendered accordingly. Exceptions were directed to be heard at first instance at General Term.

*Roscoe H. Channing* for the appellants.

*Wheeler H. Peckham* for the respondents.

Rapallo, J.   These cases depend upon the construction of the following clause contained in section 1 of chapter 438 of the laws of 1872:

" There shall be a clerk and an assistant clerk in each of the District Courts of said city, who shall be appointed by the justices of said courts; they shall hold office, perform the same duties, and possess the same powers as now prescribed by law."

At the time of the passage of this act, the term of office of the clerks of those courts was prescribed by law, but there was no such officer as assistant clerk ; and the question now presented is, whether or not it was the intention of the act to provide that the existing provisions of law relating to the terms of office, powers and duties of the clerks of these courts should be applied to the assistant clerks.

We cannot escape the conclusion that such was the intention of the act.   It declares that " they," *i. e.*, the clerk and assistant clerk, shall hold office, etc., as now prescribed by law.   Although the legislature, in authorizing the appointment of an additional clerk for each of the District Courts, designated such additional clerk as assistant clerk, still he was to be a clerk of the court, and the provisions of law applicable to clerks of those courts could with propriety be applied to him.   In substance, the provision is, that there shall be two clerks of each of said courts instead of one, and they shall hold office, etc., as now prescribed by law.

The existing law provided that the clerks of those courts should hold their offices for the same period as the justices. (Laws of 1851, chap. 514.)   It was not the intention of the legislature to apply this provision to the additional or assistant clerks authorized to be appointed by the act of 1872.   Effect cannot be given to the language that " they " (the clerk and assistant clerk), shall hold office, etc., as now prescribed by law.   Neither would the assistant clerk have

any powers, duties or salary. We think the intention is evident to apply to both of them the existing laws relative to the tenure of office, powers and duties of clerks of those courts.

We concur with the General Term in the opinion that the power given by the act of 1872 to the justices of the District Courts to make these appointments is distributive, and is conferred upon the justices of the several districts respectively, and not on all the justices of all the districts collectively. That point is fully established in the opinion of Brady, J., at General Term, in the case of *People* v. *Flynn.*

It follows that the relator in each case was illegally removed, and that the exceptions should have been overruled, and judgment rendered in his favor on the verdict.

All concur.

Judgments reversed, and judgments accordingly.