THE PEOPLE ex rel. JOHN J. HEALY, Respondents, *v.* HENRY J. LEASK, Appellant.

Both by the special statute, (chap. 217, Laws of 1866), and the general statutes, (chap. 514, Laws of 1851; chap. 344, Laws of 1857), relating to the term of office of the clerk of the Eighth District Court of the city of New York, such term is for a period of six years, and is not dependent upon the expiration of the term of office of the justice of said court.

The act of 1872, (§ 1, chap. 438, Laws of 1872), changed the provisions of the act of 1866 by providing another appointing power and by fixing the time of appointment and the commencement of the new term (*i. e.*, immediately after the passage of the act); but it left untouched the duration of the term.

Accordingly, *held,* that the relator, who was appointed clerk of said court by the then justice thereof in May, 1872 (after the passage and in pursuance of said act of 1872), was entitled to a term of six years; and could not be removed before the expiration thereof by the justice succeeding the one who made the appointment.

(Argued December 5, 1876; decided December 19, 1876.)

APPEAL from order of the General Term of the Court of Common Pleas of the city and county of New York setting aside a verdict and granting a new trial.

This action was in the nature of a *quo warranto* to try the title to the office of clerk of the Eighth District Court of the city of New York.

Healey, the relator, was appointed clerk of said court May 20, 1872, by the justice for the district, under the provisions of chapter 438, Laws of 1872. The term of office of the justice expired December 31, 1875, and the new incumbent on January 1, 1876, appointed defendant as clerk, who thereupon took the office and excluded the relator therefrom. The court, on trial, directed a verdict for defendant, to which plaintiff's counsel duly excepted. Exceptions were ordered to be heard at first instance at General Term.

*George Bliss* and *Roscoe H. Channing* for the appellant. Chapter 438, Laws of 1872, provided only for a change in the manner of appointing the clerks of the several district courts. (*Hogan* v. *Flynn*, 62 N. Y., 375.) Their terms of office are coterminous with that of the justice. (Laws of 1851, chap. 514; *People* v. *Batcheler*, 22 N. Y., 143; Laws 1866, chap. 217, p. 471; *People* v. *Suprs. of N. Y.*, 11 Abb. Pr., 115.)

*Nelson J. Waterbury* for the respondents. The justice has no power to remove the clerk. (*People* v. *Flynn*, 62 N. Y.,

375.)　The term of office of the clerk as prescribed by law is six years.　(Laws 1848, chap. 153 ; Laws 1851, chap. 147 ; id., chap. 514 ; Laws 1854, chap. 65 ; Laws 1855, chap. 293; Laws 1857, chap. 344; Laws 1866, chap. 217; Laws 1869, chap. 377.)

FOLGER, J.　By an act of 1872, (Laws of 1872, p. 1031, chap. 438, § 1), it was provided that there should be a clerk in each of the district courts of the city of New York. The power of appointment of the clerk of each court was, by the same act, given to the justice of each court; (*People ex rel. Hogan* v. *Flynn*, 62 N. Y., 375.)　The person appointed was to take office immediately after his appointment; and the term of office of him who was then an incumbent was thereupon to cease.　The new incumbent was, by the act, to hold office as was prescribed by law at the passage of that act.

When this act was passed, William J. Kane was justice of the Eighth District Court.　Soon after the passage of the act, he appointed Healey, the relator, to the office of clerk of that court; and Healey entered into it, and was entitled to remain in it for the term prescribed by law.

The laws which were then in existence prescribing that term were of two kinds.　There was one act relating especially to this Eighth District Court, and to the clerk of it. There were other acts relating to all the district courts, and to all the clerks of them.　First, of the especial act.　In 1866 an act was passed relating to the office of clerk of the Eighth District Court.　(Laws of 1866, p. 471, chap. 217, § 3.)　It provided that the board of supervisors of New York, before the 1st day of January, 1870, should appoint a clerk of that court, who should hold his office for the term of six years from that day.　It further provided that once in every six years thereafter, that board should appoint in like manner for the term of six years.　This provision of that act is not affected by the adjudications, in *The People ex rel. Loew* v. *Batchelor* (22 N. Y., 138), and in *The People ex rel. Hill* v. *Bull* (46 id., 57).　The act of 1872, above cited, changed this

section of the act of 1866, only in providing another appointing power, and in the time for the commencement of the term of office of the appointee. The justice of the district court of the eighth district is created the appointing power, and the term of the appointee is to commence immediately after the appointment, but the appointee is to hold office as then prescribed by law, that is, for the term of six years prescribed by the act of 1866. It is claimed that this third section is still in force in all things, except as to the appointing power, and that the present justice (GEDNEY), of the eighth district, was obliged, in the period of six years from the 1st day of January, 1870, to appoint a clerk for a term of six years. This is not so. The act of 1872 changed the appointing power, and by implication, also fixed the time for the appointment to be made during that period of six years. It thus fixed that time to be at once after the passage of the act; and by declaring that the term of the clerk then in office should cease at once upon a new appointment, it fixed the commencement of the new term. But it left untouched the duration of the new term, which the act of 1866 declared should be for six years. And when Healey was appointed in 1872, a new period of six years was begun, sometime during which another appointment must be made for a new term of six years. But no appointment could be made under that act during that six years, which would deprive him of his office until his term of six years was ended; that is to say, there could not be two appointments during the same term of six years, each to take effect during that term.

Second, as to the general acts. In 1857 an act was passed, (Laws of 1857, chap. 344, pp. 707, 726, § 71), providing that the clerks of these district courts should be appointed, and should hold their offices, in the manner then provided by law. There was a special provision as to the length of term of office of the clerks first appointed under that act; but as it has, by efflux of time, ceased to operate, it does not directly affect the question in hand. The provisions of law which were in force when the act of 1857 above cited was passed, are to be found

in the act of 1851. (Laws of 1851, chap. 514, p. 957, § 7.)
By that it was provided that the clerks of those courts, there-
after appointed, should enter upon the performance of their
duties at the same time, and should hold their offices for the
same period, as the justices to be elected under that act. That
period was fixed by that act, for the first term thereafter, to
be from the second Tuesday of May, 1852, until the 31st
December, 1857, and the terms after that to be for six years. It
is said that it has been the obvious and continued policy of·the
laws, that the term of office of the clerks should expire, when
the term of office of the justices expired. It is not the fact
that the laws have always so provided. The act of 1851,
(chap. 147, p. 271), provided for the filling of vacancies in the
office of clerk, whether by expiration of term or otherwise,
and fixed the term of the appointee to fill the vacancy at the
full length of four years, without regard to the term of the
justice. (See also act of 1857 [*supra*], as to vacancies, and
laws of 1848, pp. 249, 250.) But if it were as claimed, we
see no indication that the lawmaker meant that the clerks
should retire at the end of six years, because the justices then
ended their term. When the law refers to the term of the
justices as the term for the clerks, it does not mean to fix the
latter officers to the former officers, so that the latter must
follow the former, whatever change from natural cause, or
from legislation, or from personal conduct, should take place
with either class, or any of the members of it. It meant to
establish an absolute term, as well for the office of clerk as
for the office of justice. The first term, provided for by the
act of 1851, is limited by certain dates for its beginning and
its ending; but after that the term is measured by the lapse
of a period of time, not fixed by dates, but measured by the
space of six years. We consider the words "for the same
period," used by the act of 1854, in fixing the term of
office of the clerks, to be but another expression, for the
phrase "for six years," so far as the terms of office after
31st December,.1857, are concerned. No reason then existed
for making the clerk dependent upon the justice. The

power of appointment was with the mayor and the board of aldermen. (Laws of 1851, chap. 147, p. 271, § 3.) The justice must accept as the clerk of the court, whomsoever the appointing power put into that office, whether personally acceptable or not. No intention is evident in the acts, that if the incumbent of the office of justice should die, or resign, or be removed, and thus his term come to an end, that the term of the clerk should end also. The phrase " for the same period," refers back to the space of time as previously specified, viz. : ." for six years," and does not mean to convey the idea of cessation, whenever, for any reason affecting the justice only, his term should cease. So far as that act declared and foresaw, the justices to be elected under it, would hold offices for six years ; that was the rule of the law. They were to be elected once in every six years, and their term of office should be for six years. If, with any justice it should turn out otherwise, that was unintended, and would be a casual exception, not to affect the clerk of the court of that justice, any more than the clerks of the courts of the other justices. The act speaks of the clerks collectively, and of the justices collectively, and of the term of office of each class as of the same duration in number of years. It refers to the term of office of the justices as a class, as a measure of the term of office of the clerks as a class. Neither class was to be affected in the duration of its term of office, by any circumstance altering the term of office of the other class, nor was any member of either class to be so affected. In construing this, as any other statute, we must take the rule prescribed by the law giver as the expression of his final purpose. We cannot gather from this act then, that the legislature had in view or intention a subsequent change in the mode of appointment of the clerks, or a change in the beginning of the term of office of the justices, or of the clerks. It was by that act settled that that term should be for six years. It was declared that the justices elected under that act should have a term of office for six years. Having thus declared that the justices elected under it should have a term of office for six years, it then

declared that the clerks thereafter appointed, should hold their office for the same period as the justices to be elected under it. For what period were the justices to be elected, in the purpose and contemplation of the act, to hold their offices? Why, for a period of six years, the term of time named in the act; not for any other term of time, which might be created by accidental or unforseen circumstances affecting the justices, all or any of them, and changing the length of term for which they should hold. So the act of 1855 (chapter 293, p. 502) declared that the term of office of the Police Court clerks should be the same as that of the clerks of the district courts, evidently meaning a term of the same number of years, and not a term which should end upon the ending of the term of the district court clerks from any unanticipated cause, legislative or otherwise. And here falls the most plausible position of the appellant. He claims that the law always made the term of office of justice and clerk coterminous, and hence intended that the clerks should go out when the justice went out; and further, so that the justice should have a clerk personally acceptable to him. The law at best gave him the power of appointment of a clerk, and made the term of office of the clerk expire with that of his patron, so that the incoming justice could also make a clerk agreeable to himself. But this reason does not hold good when applied to the act of 1855 fixing the term of office of clerks of Police Courts. Their term is declared to be the same as that of the clerks of the district courts. Do they end whenever the terms of the justices of the district courts end? What reason of personal acceptability applies here? None. And it is evident that the term of the clerks of district courts is referred to merely as a measure of time, and so in the case of those latter clerks, is the term of the justices referred to as only a measure of time. Clearly, then, the clerks were to hold for a period of six years? The word *period*, in its proper meaning, has reference to a lapse of time; and the statute in the use of it, had reference to a lapse of time, as measured by the measures of time in use among men. It did not have reference to persons, as

indicating that the lapse of time designated should be measured by any thing relating, or to relate, especially to them, further than that, as in speaking of them, a certain measure or length of time had been named, it was deemed convenient and intelligible to speak of that term in connection with them as being a length of time already fixed and definite. A period of time is a stated and recurring interval of time, a round or series of years, by which time is measured. When the statute prescribed the term of office of the clerks to be, in general phrase, for the same period, it referred to the stated and recurring interval of time, to the round of series of years which it had already named, to wit, six years.

There are other statutes in *pari materia,* which show the legislative purpose to fix a definite term of years, as the duration of the tenure of office of the clerks. (1848, chapter 1853, p. 249; 1851, chapter 147, p. 271; 1860, chapter 300, p. 519.) The case in 62 New York (*supra*), as far it goes, is in harmony with these views. *The People ex rel.* v. *Lane* (55 N.Y., 49), does not conflict with them.

We are brought to the conclusion, both by the especial and general statutes relating to the term of office of the clerk of the eighth district court, that the relator, when he was appointed thereto by Justice KANE, entered upon, and was entitled to, a term of six years. From that he has been expelled and shut out.

The judgment in his favor should be affirmed.

All concur.

Judgment affirmed.