375 So.2d 1031 (1979)
Charles H. LITTLE
v.
CITY OF JACKSON.
No. 51472.
Supreme Court of Mississippi.
October 10, 1979.
Rehearing Denied October 31, 1979.
*1032 David W. Hall, Natchez, David E. Holderfield, Jackson, for appellant.
Davis Hall Smith, Jackson, for appellee.
Before PATTERSON, SUGG and WALKER, JJ.
SUGG, Justice, for the Court:
This appeal is from an order of the Circuit Court of the First Judicial District of Hinds County which affirmed an order of the Civil Service Commission of the City of Jackson finding that Little was discharged for cause.
On September 28, 1976, the Acting Chief of Police of the City of Jackson suspended Little without pay and notified Little by letter of his intent to dismiss him from the Jackson Police Department. The reasons for the proposed action were outlined in detail and Little was given seven days in which to respond in writing to the charges. Seven days later, October 5, 1976, Lavelle Tullos, Chief of Police, notified Little in writing that he was dismissed from employment as a police officer, and enumerated the civil service rules and departmental rules and regulations that Little had violated. The letter was dated October 4, 1976, thereby leading us to the conclusion that the decision to discharge Little was made one day before the letter was delivered to Little. On October 5, 1976, Little responded to the charges in writing, denied each *1033 charge and concluded his letter by renewing his request for a full evidentiary hearing. On October 13, 1976, Little requested a hearing before the Civil Service Commission. The Civil Service Commission set the hearing for November 10, 1976, and continued it until December 17, 1976, upon Little's request. After a lengthy evidentiary hearing, the Civil Service Commission issued its order on January 17, 1977, finding that Little was discharged for cause and affirmed his dismissal.
The case comes to us on appeal on the following assignments of error:
That the Civil Service Commission and the Circuit Court erred in failing to find that the dismissal of Officer Charles Little from the City of Jackson Police Department denied him "property" without due process of law.
That the Civil Service Commission and the Circuit Court erred in failing to find that the dismissal of Officer Charles Little from the City of Jackson Police Department denied him "liberty" without due process of law.
In his brief, Little sets forth the relief sought in this Court as follows:
It is further submitted that once this Court had heard and evaluated Appellant's due process claims, that it will be compelled to order that Appellant is entitled to back pay from the date of his dismissal, as well as reinstatement as a member of the Jackson Police Force, or that Appellant is entitled to back pay from the date of his dismissal, plus the opportunity for a "pretermination" hearing, as well as another subsequent Civil Service hearing, should the pretermination hearing result in a decision adverse to Appellant.
The City contends that the pretermination procedure in Little's case afforded him due process because Little was given an opportunity to respond in writing to the charges against him. As noted previously, the decision to dismiss Little was made by Chief Tullos one day before the time for Little's response expired; therefore, the pretermination procedure did not afford Little due process.
The City also argues that since Little did not raise the due process question during the hearing before the Civil Service Commission, he waived any complaint he may have had on the due process question, and was precluded from raising the issue on appeal for the first time. In our opinion, this argument has merit. Little could have raised this issue at his hearing before the Civil Service Commission before the full evidentiary hearing. Little would have then been entitled to have the Civil Service Commission remand the matter to the appointing authority with directions to afford Little a pretermination procedure comporting with due process. Instead of doing this, Little took the chance of securing a favorable decision from the Civil Service Commission in a full evidentiary hearing. Little elected his remedy, applied for and was given a full evidentiary hearing, and cannot raise, for the first time on appeal, the question of whether he was afforded due process in pretermination procedure used in his case.
Factually similar to Little's claim to reinstatement is the case of Young v. Hutchins, D.C., 383 F. Supp. 1167 (1974). Harvey Young and George R. Thurston filed class actions in the United States District Court, M.D. Florida, for a declaratory judgment that the rules and regulations of the Civil Service Board of the City of Jacksonville, Florida, relating to the suspension and dismissal of nonprobationary civil service employees for cause, were violative of the due process clause of the Fourteenth Amendment. Plaintiffs also sought injunctive relief including reinstatement and back pay.
Thurston was informed by letter that he was suspended for a period of thirty days without pay, after which time he would be permanently discharged as an employee of the City of Jacksonville. Thurston was not given notice before his suspension and was not given an opportunity for a hearing or other due process safeguards to determine the merits of his suspension. Thurston appealed his dismissal to the civil service board which upheld his dismissal.
*1034 Thurston was awarded back pay from the date of his suspension to the date of his appeal before the civil service board, but was not reinstated to his former employment. The judgment also enjoined defendants from suspending or dismissing without pay any nonprobationary employee of the City of Jacksonville without providing the employee prior notice and an opportunity for a hearing until such time that the defendants promulgated sufficient procedural safeguards which were specifically designed to minimize the risk of error attendant to the initial removal and suspension of any city employee.
On appeal to the Fifth Circuit Court of Appeals, in Thurston v. Dekle, 531 F.2d 1264 (1976), the judgment of the District Court ordering back pay was reversed, but the part of the judgment requiring pretermination procedures to minimize the risk of error associated with the initial termination was affirmed. Thurston's reinstatement was not ordered by the Appeals Court so the District Court's order denying reinstatement remained in effect and was affirmed sub silentio.
In our case Little, like Thurston in his case, applied for and received a hearing before the Civil Service Commission which resulted in affirming his dismissal. We are of the opinion that Little was not entitled to reinstatement under the authority of the Thurston case discussed above.
What we have said effectively disposes of this appeal; however, we deem it advisable to address pretermination procedures for municipal civil service employees because our statutes do not contain adequate due process safeguards to be followed when discharging, suspending, or demoting covered municipal employees. Neither do the civil service rules of the City of Jackson cover this subject adequately.
The United States Supreme Court addressed the due process requirement of the Fourteenth Amendment to the Constitution as it applies to pretermination procedures of nonprobationary employees in the case of Arnett v. Kennedy, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974). In that case the Court had under consideration the provisions of the Lloyd-LaFollette Act as codified and as supplemented by regulations of the Civil Service Commission and the OEO. The Court held that the statutes and regulations under consideration in that case dealing with pretermination procedures afforded affected employees due process of law. The Court pointed out that the procedures under consideration minimized the risk of error in the initial removal decision and provided for compensation for the affected employee should the initial decision eventually prove wrongful.
In this case, we are dealing with a policeman who had completed his probationary period and had an enforceable expectation of continued public employment as a policeman with the City of Jackson. This right of continued employment is set forth in sections 21-31-21 and 21-31-23 Mississippi Code Annotated (1972). These sections provide that any person in the classified civil service who has been permanently appointed or inducted into civil service shall not be removed, suspended, demoted, or discharged except for cause. We made it clear, in City of Meridian v. Davidson, 211 Miss. 683, 53 So.2d 48 (1951), that a civil service employee's right to employment is a property right. In that case, we stated:
Prior to enactment of the Act here involved, the governing authorities of municipalities in this State could exercise, as a proper function of local government an uncontrolled discretion in the matter of discharging city employees for any reason satisfactory to the appointing power, or for no reason at all, but by this Act the Legislature withdrew this unrestricted power from municipalities as to experienced members of fire and police departments, and restricted the right of discharge to the cases mentioned in Section 9 of the Act. The right of such an employee to continue on his job and enjoy the retirement benefits, etc. under civil service is a valuable right which should be protected by the courts to the extent of seeing to it that action of a civil service commission in discharging such an *1035 employee is taken only in good faith and for a cause enumerated in the Act in question. (211 Miss. at 697, 53 So.2d at 54).
The United States Supreme Court has recognized the continued right of employment as a property right in several cases. Arnett v. Kennedy, supra; Bishop v. Wood, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Since a municipal civil service employee has a property right by virtue of an expectation of continued employment, risk reducing procedures must be accorded such employee where the opportunity of the employee to secure full evidentiary hearing is postponed by statute and regulation until after dismissal.
The Fifth Circuit Court of Appeals addressed this question in Thurston v. Dekle, 531 F.2d 1264 (1976) and defined minimum pretermination procedures required by the due process clause of the Fourteenth Amendment as follows:
Where a governmental employer chooses to postpone the opportunity of a non-probationary employee to secure a full-evidentiary hearing until after dismissal, risk reducing procedures must be accorded. These must include, prior to termination, written notice of the reasons for termination and an effective opportunity to rebut those reasons. Effective rebuttal must give the employee the right to respond in writing to the charges made and to respond orally before the official charged with the responsibility of making the termination decision.
The lower court's order could reasonably be interpreted as requiring that full-evidentiary pretermination hearings be accorded to all employees in the plaintiff class until the city has promulgated sufficient safeguards which would minimize that risk of error. Even though the city has not yet promulgated sufficient procedural safeguards, the Constitution does not require this much. However, since the district court's injunction is also reasonably susceptible to the interpretation that an employee must be given an opportunity, prior to suspension, to effectively respond to the reasons given for suspension, we place that construction on it.
The district court correctly recognized that there could be "extraordinary situations" where even these minimal pretermination procedures would be improper. The court required the city to promulgate specific criteria which would allow for an objective determination of when such an "extraordinary situation" might exist. It broadly outlined "extraordinary situations" to include circumstances where retention would result in damage to municipal property, would be detrimental to the interest of city government or would result in injury to the employee, to a fellow employee or to the general public. Even in these situations the court required that an employee be given written notice of the specific reasons for termination within 24 hours and also to be given an opportunity for an evidentiary hearing within 20 days. Arnett recognized and implicitly approved similar "extraordinary situation" procedures. (531 F.2d at 1273).
We are in accord with the statement of the Fifth Circuit and hold risk reducing procedures must be accorded municipal civil service employees which must include: (1) Before termination, written notice of the reasons for termination and an effective opportunity to rebut these reasons. (2) The employee must be given the right to respond in writing to the charges made and to respond orally before the official charged with the responsibility of making the termination decision. (3) A written decision on the response of the employee at the earliest practicable date. (4) Examination of witnesses, trial or hearing is not required but may be provided in the discretion of the official charged with the responsibility of making the termination decision.
In our opinion it would be better for the legislature to amend the municipal civil service act so as to provide pretermination procedures so that procedures would be uniform throughout the state. However, we *1036 recognize that the legislature will not convene until January, 1980, and may choose not to amend the act after it convenes. In the interim, it may be necessary to discharge or demote employees for the orderly administration of the business of the municipalities. Accordingly, we hold that the civil service commissions of the various municipalities may adopt procedural regulations guaranteeing due process in accord with what we have previously stated.
Although Little does not assign as error that the order of the Civil Service Commission was not supported by substantial evidence or was arbitrary and capricious, we have carefully examined the evidence presented at the hearing and find that the Commission had ample evidence upon which to base its decision. We note that under section 21-31-23 Mississippi Code Annotated (1972), the Commission could have ordered Little's reinstatement retroactively entitling him to compensation from the time of his discharge. The Commission also could have, in lieu of affirming Little's discharge, modified the order of discharge by directing a suspension, without pay, for a given period and subsequent restoration of duty, or by directing a demotion in classification, grade or pay. Little was afforded an evidentiary hearing, was represented by counsel, was permitted to call witnesses in his behalf, and from the whole record, we are of the opinion the Commission was justified in finding that he was discharged for cause. We therefore affirm.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.