BROOM, Justice, for the Court.
Termination procedures relating to the discharge of Lt. Robert Eidt (appellant) as an employee of the City of Natchez highlight this appeal. The Circuit Court of Adams County affirmed an order of the Natchez Civil Service Commission (Commission herein) which found that Eidt was discharged for cause. On his appeal here, Eidt argues reversal on grounds that his discharge was (1) without due process of law for failure of Natchez to accord him minimum pretermination procedural requirements, (2) not made or confirmed by the regular appointing power of Natchez, and (3) not supported by substantial evidence. We reverse.
On March 16, 1978, Eidt allegedly struck another fireman while on duty for which acting fire chief George Cummings of the Natchez Fire Department imposed a ten-day suspension without pay. Eidt served the suspension and appealed it to the Commission which affirmed on April 13, 1978.
By a termination notice dated April 18, 1978, Chief Cummings discharged Eidt effective April 21, 1978. Listed in the termination notice in general terms were the following reasons: incompetence, discourtesy, and injury to public service. A letter attached to the notice indicates that the main reason for the termination was that Eidt had attempted to misrepresent the March 16 incident at the suspension hearing before the Commission.
Eidt, through his attorney, requested a full evidentiary hearing (about his discharge) before the Commission. The matter was heard on August 10, 1978, and on October 11, 1978, the Commission issued its order affirming his dismissal. On appeal to the Circuit Court, the discharge was affirmed, but the lower court held that the discharge could not be effective until October 11, 1978, the date of the Commission’s order.
First proposition presented by Eidt is his contention that the proceedings lacked essential pretermination procedures thereby depriving him of due process of law. Little v. City of Jackson, 375 So.2d 1031 (Miss. 1979) has similarities but is not dispositive. Our decision in Little was subsequent to Eidt’s discharge, but Little states this Court’s position as to minimum pretermination procedures required by the Fourteenth Amendment (U.S. Constitution) due process clause:
Where a governmental employer chooses to postpone the opportunity of a non-probationary employee to secure a full-evi-dentiary hearing until after dismissal, risk reducing procedures must be accorded. These must include, prior to termination, written notice of the reasons for termination and an effective opportunity *1095 to rebut those reasons. Effective rebuttal must give the employee the right to respond in writing to the charges made and to respond orally before the official charged with the responsibility of making the termination decision.
Our decision in the instant case is not premised on inadequate pretermination procedures but Little is cited here so that those who hold offices or positions in municipalities will again be made aware of pretermin-ation procedures discussed in Little.
Next Eidt argues that his discharge was not made according to the requirement of Mississippi Code Annotated § 21-31-23 (1972) and therefore is ineffective. Section 21-31-23 specifically allows for discharge “upon the written accusation of the appointing power” which in this case vested in Natchez’s Mayor and Board of Aldermen, not in the Fire Department Chief. Here the discharge was signed by Chief Cummings, without any authority or confirmation from Natchez’s appointing power under the statute.
Natchez’s brief states: “It can be reasonably assumed that they confirmed the intended suspension or discharge, and in any event, nowhere in the record, either at the time of the notice of intent to discharge, or prior to or during the hearing itself, did the appellant seek to have the matter remanded for a hearing or sign of confirmation by the Mayor or Board of Aldermen. . . .”
Section 21-31-23 precludes any power or right of the Chief of the Fire Department to terminate an employee protected by civil service. Natchez’s argument that, absent an express showing otherwise, it is “assumed” that the regular appointing power approved the discharge is contrary to the essence of civil service protection. Accordingly, we cannot uphold Fire Chief Cummings’ discharge of Eidt who must be reinstated with back pay subject to allowance for Eidt’s duty to mitigate his damages.
Third argument is that the Commission’s finding was not supported by substantial evidence and was not made in good faith for cause. Reversal being warranted by § 21-31-23, we deem unnecessary here any further discussion of the evidence except to point out that the record included some fifteen merit rating reports which set forth Eidt’s rating from 1972 until time of the hearing. These reports rated him at least average in the three areas listed in the termination notice. Chief Cummings admitted at the hearing that the merit reports would not establish any basis for the termination of Eidt’s employment.
Pursuant to § 21-31-23, supra, we have no choice but to order Eidt’s reinstatement to the position which he previously held. The case will be remanded to Natchez Civil Service Commission for determination of how much income Eidt has or reasonably should have earned since his discharge which amount shall be deducted from his back pay.
REVERSED AND REMANDED TO NATCHEZ CIVIL SERVICE COMMISSION.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, BOWLING, and COFER, JJ., concur.