IRVING, J.,
 

 for the Court.
 

 ¶ 1. On July 19, 2006, the Board of May- or and Aldermen of the City of Vicksburg (Board) terminated Anthony Lane from the Vicksburg Police Department (VPD). Lane appealed the Board’s decision to the Vicksburg Civil Service Commission (Commission), and the Commission upheld the termination. Lane then appealed the Commission’s decision to the Warren County Circuit Court, which also upheld the termination. However, the circuit court also found that Lane’s July 22, 2005, suspension was issued because he was indicted for criminal charges. The circuit court further found that because Lane was acquitted of those charges, the Board should issue him back pay.
 

 ¶ 2. Aggrieved, the Board appeals and asserts: (1) that the circuit court erred in determining that Lane’s July 22, 2005, suspension was “implicitly affirmed” by the Commission and (2) that the circuit court erred in awarding Lane back pay.
 

 ¶ 3. We find merit to both issues raised by the Board. Therefore, we reverse and render that portion of the judgment of the circuit court finding that the Commission implicitly affirmed Lane’s suspension and awarding back pay.
 
 [1]
 

 FACTS
 

 ¶ 4. Lane was employed with the VPD and assigned to work at the Vicksburg High School as a resource officer. The VPD was informed that Lane had been involved with a female student at the school. The VPD investigated the matter, and Lane admitted to having a sexual relationship with the student. On May 12, 2005, the VPD sent Lane a letter informing him that the Board was going to convene at a future date to address the VPD’s recommendation to suspend him for twenty days without pay for conduct unbecoming an officer. The letter further stated that Lane had a right to be present and/or have representation at the Board hearing. Lane chose not to appear. The Board accepted the recommendation of the VPD and ordered the suspension. Lane served the twenty-day suspension and returned to the VPD.
 

 ¶ 5. On July 21, 2005, Lane was indicted for sexual battery against a child, and on July 22, 2005, the Board sent Lane a letter suspending him indefinitely without pay because of the indictment. The letter stated that the suspension was to stay in effect “until the court issue[d] a decision.” The letter further stated that if Lane desired to appeal the Board’s decision, he must do
 
 *164
 
 so within ten days of the letter’s date. Lane did not appeal.
 

 ¶ 6. On June 12, 2006, Lane was acquitted of the charge. Soon after his acquittal, he petitioned for reinstatement to the VPD. The Board’s response was to set a pre-termination hearing instead. Thereafter, the Board terminated Lane on the grounds of “conduct unbecoming an officer, loss of public trust and respect, and violation of his oath as a police officer.”
 

 ¶ 7. Lane appealed the termination to the Commission, which affirmed. Lane then appealed to the Warren County Circuit Court. In the circuit court, Lane argued, as he had done before the Commission, that his termination was violative of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. The circuit court agreed with the Commission’s decision that double jeopardy did not apply and affirmed the Commission’s decision, upholding Lane’s termination.
 

 ¶ 8. Additionally, the circuit court addressed Lane’s July 22, 2005, suspension even though only the termination decision had been appealed. The court’s order stated in pertinent part:
 

 The Court now addresses the second suspension of [Lane] on July 22, 2005. Said suspension was without pay and was
 
 implicitly affirmed
 
 by the order of the Civil Service Commission.
 

 The second suspension was brought due to [Lane] being indicted by Warren County Grand Jury. The suspension letter of July 22, 2005 stated in part that “... the Board of Mayor and Alderman met in a Special Call Meeting on Thursday[,] July 21, 2005 and voted to suspend [Lane] indefinitely without pay because of the charges filed against [Lane]. [Lane’s] suspension will stay in effect until the Court issues a decision. ...”
 

 It is unquestioned that the charges referred to in said letter were the criminal charges in the Circuit Court of Warren County. Since a jury of Warren County after a trial, found [Lane] not guilty and a judgment of acquittal was rendered by the Circuit Court, then the suspension without pay was without merit. [Lane] having been acquitted of the criminal charges that he was suspended for should have been reimbursed for said time that he was suspended without pay. That time specifically being from July 22, 2005 (date of second suspension letter) until the date of July 19, 2006 (date of termination letter).
 

 (Emphasis added).
 

 ¶ 9. Additional facts, as necessary, will be addressed in the analysis and discussion of the issues.
 

 ANALYSIS AND DISCUSSION OF THE ISSUES
 

 ¶ 10. The civil service commission reviews the employment decisions of a city to remove, suspend, demote, or discharge a civil service employee. Miss. Code Ann. § 21-31-23 (Rev.2007). A commission is authorized to reverse a city’s disciplinary action if it was made for political reasons, religious reasons, or was not made in good faith for cause.
 
 Id.
 
 Decisions of the commission are appealed
 
 to
 
 the circuit court of the county within which the municipality is located.
 
 Id.
 
 On appeal, the circuit court’s standard of review is limited to determining whether the act of the commission was or was not made in good faith for cause.
 
 Id.
 
 In
 
 City of Jackson v. Froshour,
 
 530 So.2d 1348, 1355 (Miss.1988) (quoting
 
 City of Meridian v. Hill,
 
 447 So.2d 641, 643 (Miss.1984)), our supreme court stated the appellate court’s standard of review as follows:
 

 
 *165
 
 On appeal here, the question before [the appellate court] is whether or not the action of the Civil Service Commission was in good faith for cause. Intertwined with this question is whether or not there was substantial evidence before the Civil Service Commission to support its order and whether it is arbitrary, unreasonable, confiscatory, and capricious.
 

 ¶ 11. Here, the Board argues that the circuit court erred in finding that the July 22, 2005, suspension of Lane was “implicitly affirmed” by the Commission because the July 22, 2005, suspension was not appealed to the Commission as required by law. We find this argument persuasive.
 

 ¶ 12. Section 21-31-23 states that “[n]o person in the classified civil service ... shall be removed, suspended, demoted or discharged, or any combination thereof, except for cause.... ” The statute further describes the appellate process afforded to a civil service employee when he has been removed, suspended, demoted, or discharged by his employer. The statute states in pertinent part:
 

 Any person so removed, suspended, demoted, discharged or combination thereof may,
 
 within ten (10) days
 
 from the time of such disciplinary action,
 
 file with the commission
 
 a written demand for an investigation, whereupon the commission shall conduct such investigation.
 
 The investigation shall be confined to the determination of the question of whether such disciplinary action was or was not made for political or religious reasons and was or was not made in good faith for cause. ...
 

 ⅜ ⅜ ⅜ ⅜
 

 The findings of the commission shall be conclusive and binding unless either .the accused or the municipality shall,
 
 within thirty (30) days
 
 from the date of the entry of such judgment or order on the minutes of the commission and notification to the accused and the municipality,
 
 appeal to the circuit court of the county within which the municipality is located.
 

 ***‡
 

 The said circuit court shall thereupon proceed to hear and determine such appeal.
 
 However, such hearing shall be confined to the determination of whether the judgment or order of removal, discharge, demotion, suspension or combination thereof made by the commission, was or ivas not made in good faith for cause, and no appeal to such court shall be taken except upon such ground or grounds.
 

 (Emphasis added).
 

 ¶ 13. The only disciplinary action that Lane appealed was his termination, which occurred on July 19, 2006. Pursuant to section 21-31-23, the circuit court was confined strictly to a determination of whether the termination was made in good faith for cause. Lane did not appeal the suspension that was given him on July 22, 2005. Had he desired to appeal that suspension, he was required to do so within ten days of July 22, 2005. Further, the July 22, 2005, suspension was not mentioned anywhere in Lane’s notice of appeal of his termination. It follows then that, according to section 21-31-23, the only matter that could have come before the circuit court on appeal was the termination. Accordingly, the circuit court lacked jurisdiction to address the July 22 suspension and, therefore, erred in finding that the Commission “implicitly affirmed” the suspension.
 

 ¶ 14. Next, the Board argues that the circuit court erred in ordering back pay to Lane. As previously stated, the circuit
 
 *166
 
 court determined that the July 22 suspension was based on the outcome of Lane’s criminal trial, and since the trial resulted in an acquittal, the suspension lacked merit. However, since Lane did not appeal that suspension, the circuit court did not have jurisdiction to address any consequences which may have flowed from it.
 

 ¶ 15. Since the circuit court addressed the suspension, notwithstanding its lack of jurisdiction, we briefly address this issue also to dispel any notion that the Board owes Lane back pay. In deciding that Lane was entitled to back pay, the cii'cuit court heavily relied on the following language from the letter suspending Lane:
 

 The Board of Mayor and Alderman met in a Special Call Meeting on Thursday July 21, 2005 and voted to suspend you indefinitely without pay because of the charges filed against you.
 
 Your suspension will stay in effect until the Court issues a decision. ...
 

 (Emphasis added). After noting the language quoted above, the circuit court stated:
 

 It is unquestioned that the charges referred to in said letter were the criminal charges in the Circuit Court of Warren County. Since a jury of Warren County after a trial, found [Lane] not guilty and a judgment of acquittal was rendered by the Circuit Court, then the suspension without pay was without merit.
 

 However, the circuit court failed to address the remaining contents of the letter. The suspension letter further stated that “the Vicksburg Police Department will review your employment status with them once your legal issues have been resolved.” From this language, it cannot be concluded that the Board promised Lane that he would be given back pay or reinstated if he were acquitted. The only promise made to Lane was that his employment status would be “reviewed” after the case was over. Upon a review of his employment status, the Board decided that because of additional disclosures made during the trial, Lane’s employment should be terminated.
 

 CONCLUSION
 

 ¶ 16. We find that the decision of the Commission was made in good faith for cause and that there was substantial evidence before the Commission to support its order. Therefore, we reverse and render that portion of the judgment of the circuit court finding that the Commission implicitly affirmed Lane’s suspension and awarding back pay.
 

 ¶ 17. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT IS AFFIRMED IN PART AND REVERSED AND RENDERED IN PART. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . Lane did not file a cross-appeal challenging the portion of the judgment upholding his termination.