RUSSELL, J.,
for the Court:
¶ 1. Helen Pepper appeals the Hinds County Circuit Court’s judgment, which affirmed the decision of the Civil Service Commission (Commission) to uphold Pepper’s sixty-day suspension without pay. She contends the Commission’s order was not supported by substantial evidence; the Commission acted in a manner that was arbitrary, unreasonable and capricious; her sixty-day suspension was excessive; and the Commission erred when it did not find that her suspension was politically motivated. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Pepper was employed with the Department of Administration of the Municipal Court for the City of Jackson. Her duties as municipal court clerk included processing affidavits, assisting police officers, and collecting, counting, and depositing money. All clerks for the City of Jackson were required to follow specific procedures for counting the money collected and bagging and depositing the money in a drop box. Under the procedures, the clerks are required to fill out a balance sheet for each deposit. Each clerk must count the money in the presence of another clerk. The depositing clerk must fill out a balance sheet and place that sheet in the money bag along with the cash and checks collected. The depositing clerk must then be accompanied by another clerk to the back of the office to witness the depositing clerk place the money bag in the drop box. Next, the depositing clerk must sign a “money bag drop verification form” certifying the amount of money deposited in the drop box. The witnessing clerk must then sign the form verifying that she witnessed the deposit of the money bag.
¶ 3. On November 1, 2004, Pepper began to close her cashier window and deposit the money she had collected on that day. The only other clerk present at that time was Chiquita Williams-Jemison, who was busy with customers at her own window. While Jemison was working, Pepper filled out her balance sheet indicating that she had collected a total of $2,958.06, including $1,200 in one hundred dollar bills and $331 in checks. Pepper then placed her balance sheet in her money bag and proceeded to deposit her bag in the drop box at the back of the office. Pepper signed the drop verification form and handed the form to Jemi-son for her signature. Jemison signed the form as a witnessing clerk even though she did not witness Pepper count or deposit the money in the drop box. On November 2, 2004, two accounting clerks retrieved Pepper’s money bag from the drop box to verify the bag’s contents. Both accounting clerks counted the money in Pepper’s bag and found that the bag was short by $1,531.06. The clerks then notified the supervisor, Charlotte Everett, who also counted the money and found the same shortage amount.
¶ 4. Court Administrator Jeanette Banks initiated an investigation for the missing funds from Pepper’s money bag. Jemison then came forward and disclosed that she falsified the money drop verification form by signing without witnessing Pepper count the money or place the money bag in the drop box. Jemison was disciplined by the City of Jackson for falsifying the verification form.
*808 ¶ 5. The City placed Pepper on a sixty-day suspension without pay, effective April 11, 2005, for failure to follow proper procedure in handling the money. The City found Pepper in violation of Civil Service and Personnel Rules as outlined in the Disciplinary Action Memorandum issued on April 6, 2005. The violations included: “Rule XII. Sec. 2.1E-Incompetency or inefficiency in the performance of duties of the position to which he/she is appointed, including becoming physically or mentally unable to perform” and “Personnel Rule 11.2.6 — Inefficiency, incompetence, carelessness, or negligence in performance of duties.”
¶ 6. Pepper appealed her suspension pro se to the Civil Service Commission. A hearing was held before the Commission on December 14, 2006. On April 12, 2007, the Commission found that Pepper had violated Civil Service and Personnel Rules by not following proper procedure and upheld her suspension.
¶ 7. On May 14, 2007, Pepper appealed to the Circuit Court of the First Judicial District of Hinds County. The circuit court affirmed the decision of the Commission, finding that substantial evidence existed to support the Commission’s determination that the suspension was made in good faith for cause. The circuit court also found that the decision of the Commission was not arbitrary, unreasonable, confiscatory, or capricious. From that judgment, Pepper now appeals.
DISCUSSION
¶ 8. The review of decisions of administrative agencies is limited in scope. Stevison v. Pub. Employees’ Ret. Sys., 966 So.2d 874, 878 (¶15) (Miss.Ct.App.2007). The employment decision of a city to remove, suspend, demote, or discharge a civil service employee is reviewed by the Civil Service Commission. City of Vicksburg v. Lane, 11 So.3d 162, 164 (¶ 10) (citing Miss. Code Ann. § 21-31-23 (Rev. 2007)). Decisions of the Commission may be appealed to the circuit court of the county in which the municipality is located. Id. “The circuit court’s standard of review is limited to determining whether the act of the Commission was or was not made in good faith for cause.” Id. The circuit court may only reverse the Commission’s decision if it is “(1) not supported by substantial evidence; (2) arbitrary or capricious; (3) beyond scope or power granted to the agency; or (4) violates one’s constitutional rights.” Sprouse v. Miss. Employment Sec. Comm’n, 639 So.2d 901, 902 (Miss.1994) (quoting Miss. Comm’n on Envt’l Quality v. Chickasaw County Bd. of Supervisors, 621 So.2d 1211, 1215 (Miss.1993)). The Court “must not reweigh the facts of the case” in reviewing the decision of the Commission. Id.
¶ 9. The Commission found that the disciplinary action of the City of Jackson was not for political or religious reasons but was for cause shown. The circuit court found that the Commission acted in good faith for cause in upholding the length of Pepper’s suspension. Pepper argues there was no substantial evidence to support the Commission’s finding that she violated Civil Service and Personnel Rules. She also argues the Commission acted in a manner that was arbitrary, unreasonable, and capricious.
¶ 10. During the hearing before the Commission, several witness provided testimony regarding the proper procedure clerks must follow when depositing money. Among these witnesses were Pepper’s supervisor, Everett; the court administrator, Banks; and a deputy clerk, Jemison. Each witness stated that the procedure requires the depositing clerk to have another clerk witness the counting of the money. After this step, the depositing *809 clerk must have the witnessing clerk accompany her to the back of the office to deposit the money bag into the drop box. These steps are then verified by signatures of both the depositing clerk and witnessing clerk.
¶ 11. According to Jemison, these steps were not followed, as Jemison admitted to falsifying the verification form. Pepper does not deny the fact that Jemison did not witness her count the money or accompany her to deposit the money bag. Instead, Pepper asserts that she should not be held responsible for the action or non-action of Jemison. But Pepper is not being held responsible for the action or non-action of Jemison. In fact, Jemison was disciplined due to falsifying Pepper’s money drop verification form. Pepper was disciplined for failing to follow proper procedure when handling money. According to the City of Jackson, failure to follow proper procedure when handling money constitutes incompetence, inefficiency, and negligence in the performance of duties. These are violations of Civil Service and Personnel Rules. Based on these facts, we find that substantial evidence existed to support the circuit court’s ruling that the Commission acted in good faith and not in a manner that was arbitrary, unreasonable, or capricious.
¶ 12. For the first time on appeal, Pepper contends her suspension was politically motivated due to a previous complaint she filed with the Equal Employment Opportunity Commission against Banks. In Pepper’s brief, she also contends the suspension constitutes “double jeopardy.” Both of these issues are procedurally barred, as they were never brought before the Commission. This Court has held that issues not raised before the Commission are deemed waived and may not be heard for the first time on appeal. Little v. City of Jackson, 375 So.2d 1031, 1033 (Miss. 1979). In addition, these issues are not for plain-error review, as Pepper’s fundamental rights were not affected, and the dismissal of these issues does not “prejudice the outcome” of the case. Hurt v. State, 34 So.3d 1191, 1197 (¶ 17) (Miss.Ct.App.2009).
¶ 13. We find that there is substantial evidence to support the decision of the circuit court affirming the decision of the Commission to uphold Pepper’s suspension. Therefore, the judgment of the circuit court is affirmed.
¶ 14. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ„ CONCUR.