# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CC-00345-COA

**VINCE BATES**                                                                              **APPELLANT**

**v.**

**CITY OF NATCHEZ, MISSISSIPPI**                                                    **APPELLEE**

DATE OF JUDGMENT:           03/03/2016
TRIAL JUDGE:                HON. FORREST A. JOHNSON JR.
COURT FROM WHICH APPEALED:  ADAMS COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:     PAUL ANDERSON KOERBER
ATTORNEY FOR APPELLEE:      EDGAR HYDE CARBY
NATURE OF THE CASE:         CIVIL - STATE BOARDS AND AGENCIES
DISPOSITION:                AFFIRMED - 05/08/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., CARLTON AND WESTBROOKS, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.     In this appeal, we must determine whether there was substantial evidence to support the decision of the Civil Service Commission (CSC) of the City of Natchez to suspend and demote Vince Bates, a Natchez police officer.

## FACTS AND PROCEDURAL HISTORY

¶2.     On June 19, 2014, Bates placed a personal tracking device on a fellow officer's patrol car. This officer, Elvis Prater, filed an offense report, and Bates was charged with trespass and disturbing the peace. These charges were later dismissed. After an internal investigation and a pre-termination hearing, the City of Natchez recommended terminating Bates's employment. The City determined that Bates had violated the City's personnel policy by

exhibiting conduct unbecoming for an officer and improper use of a City vehicle. Bates then appealed to the CSC. After a hearing, the CSC determined that Bates should not have been terminated and modified the City's termination order. The CSC suspended Bates for four months without pay and demoted him to a patrolman with no supervisory duties.

¶3. Bates appealed to the Adams County Circuit Court. After reviewing the record, the trial found that substantial evidence existed to support the CSC's decision and that the CSC acted in good faith.

¶4. Bates now appeals, asserting that the CSC's decision lacked substantial evidence and that his due-process rights were violated. Finding no error, we affirm.

## STANDARD OF REVIEW

¶5. A CSC's review of a city's decision to remove, suspend, demote, or discharge a civil-service employee is limited to determining whether the "disciplinary action was or was not made for political or religious reasons and was or was not made in good faith for cause." Miss. Code Ann. § 21-31-23 (Rev. 2015). A trial court's review of the CSC's decision is limited to a review of the transcript of the proceedings before the Commission to determine "whether the judgment or order of removal, discharge, demotion, suspension[,] or combination thereof made by the Commission, was or was not made in good faith for cause . . . ." *Id.*

¶6. Our standard of review is limited to "whether or not the action of the [CSC] was in good faith for cause." *Necaise v. City of Waveland*, 170 So. 3d 616, 618 (¶9) (Miss. Ct. App. 2015) (quoting *City of Vicksburg v. Lane*, 11 So. 3d 162, 165 (¶10) (Miss. Ct. App. 2009)).

2

"Intertwined with this question is whether or not there was substantial evidence before the [CSC] to support its order[,] and whether the decision is arbitrary, unreasonable, confiscatory, and capricious." *Id.*

**DISCUSSION**

### I.    Substantial Evidence

¶7.    In his first issue on appeal, Bates argues that the CSC lacked substantial evidence in rendering its decision. Bates claims that the placement of the tracking device on a fellow officer's vehicle was an innocent prank and did not violate police department policies. He also alleges that his initial termination was in retaliation for his past reporting of wrongdoing by his fellow officers.

¶8.    Bates, however, has failed to show the CSC acted without good faith for cause. The CSC did not simply "rubber stamp" the City's decision; rather it conducted an extensive hearing, as noted by the trial court. Eight witnesses, including Bates, testified, and eighteen exhibits were admitted. There was evidence that Bates violated a City policy regarding personal use of City assets and a policy regarding use of City vehicles. There was also evidence that Bates's actions created an atmosphere of distrust among his fellow officers and damaged the morale of the police department. Several of Bates's coworkers indicated that Bates had a vindictive nature. Officer Prater testified that he thought Bates had placed the GPS on his patrol car in retaliation for a comment Officer Prater previously made to Bates—Officer Prater implied that Bates had been sleeping during his shift. The trial court found that it was "clear from the transcript of the hearing that the examination and cross-

3

examination of each witness was in-depth and comprehensive." We find the CSC's decision to suspend and demote Bates was supported by substantial evidence; thus, we affirm the CSC and the trial court.

¶9. We note that Bates asserts that the CSC's order did not contain a discussion or analysis of how the CSC reached its decision. However, Bates does not cite to any law that requires the CSC to make detailed findings of fact. In this instance, though, it is clear that the CSC conducted a thorough review because it found there was not substantial evidence to uphold the City's decision to terminate Bates.

## II. Due Process

¶10. Bates briefly argues that his due-process rights were violated because he was not provided with proper notice and an opportunity to be heard. "When a procedural due process claim is raised in a case, it must be evaluated using a two step process." *Burleson v. Hancock Cty. Sheriff's Dep't Civil Serv. Comm'n*, 872 So. 2d 43, 49 (¶16) (Miss. Ct. App. 2003) (citing *Nichols v. City of Jackson*, 848 F. Supp. 718, 720 (S.D. Miss. 1994)). "The first step requires the court to decide whether a protected life, liberty or property interest exists. The second step is a court determination of what process is required in the situation." *Id.* (quoting *Nichols*, 848 F. Supp. at 720).

¶11. As a civil service employee, Bates has a property interest in his employment. *See* Miss. Code Ann. § 21-31-13 (Rev. 2015). In regard to the second step, Bates was given the minimum due process required. The record indicates Bates was given notice at every stage of the proceedings. He had a pre-termination hearing before the police department's

4

disciplinary board, of which he had notice and an opportunity to have an attorney present and call witnesses. Bates was notified of the police department's decision to recommend termination, and this notification indicated the police department would make the recommendation to the mayor at a meeting on a specific date. Bates was invited to attend the meeting. Bates was also notified of the City's recommendation to terminate and informed he had ten days to appeal to the CSC. Bates then had a hearing before the CSC where he was represented by an attorney. This issue is without merit.

¶12. **AFFIRMED.**

**IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**