# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CC-00406-COA

**SEQUERNA BANKS**                                                                    **APPELLANT**

**v.**

**CITY OF JACKSON, MISSISSIPPI**                                                **APPELLEE**

DATE OF JUDGMENT:              02/12/2019
TRIAL JUDGE:                         HON. WINSTON L. KIDD
COURT FROM WHICH APPEALED:    HINDS COUNTY CIRCUIT COURT,
                                    FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:        FRANCIS STARR SPRINGER
ATTORNEYS FOR APPELLEE:        NAKESHA McQUIRTER WATKINS
                                    JAMES ANDERSON JR.
NATURE OF THE CASE:             CIVIL - STATE BOARDS AND AGENCIES
DISPOSITION:                     REVERSED AND REMANDED - 04/28/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**TINDELL, J., FOR THE COURT:**

¶1.    After concluding that Lieutenant Sequerna Banks of the Jackson Police Department had violated several internal rules and procedures, the City of Jackson (the City) suspended Banks for thirty days without pay.  Banks appealed to the Jackson Civil Service Commission (the Commission), which upheld her suspension.  Banks then appealed to the Hinds County Circuit Court, First Judicial District, which affirmed the Commission's decision.  On appeal to this Court, Banks argues (1) the City failed to prove the alleged violations by substantial evidence; and (2) the Commission failed to certify its findings in writing as required by statute.

¶2. Upon review, we agree that the Commission's order failed to set forth any written findings to support its decision to uphold Banks's suspension. Because both Mississippi statutory law and caselaw require the Commission to provide written findings regarding its decision, we reverse the circuit court's judgment and remand this case to the Commission for further proceedings consistent with this opinion.

## FACTS

¶3. On January 3, 2017, the City notified Banks that she would be suspended for thirty days without pay for violating several departmental policies. Banks appealed her suspension to the Commission, which conducted a hearing on June 8, 2017. In its order upholding Banks's suspension, the Commission failed to set forth any written findings regarding its determination. Instead, the Commission's order simply stated that "having heard testimony and being fully advised in the premises[, the Commission] finds . . . [t]hat the disciplinary action in this matter was made in good faith and for cause and was not made for political reasons." Banks appealed from the Commission's decision to the circuit court, which also affirmed her suspension. Aggrieved, Banks appeals to this Court.

## STANDARD OF REVIEW

¶4. A Commission's "review of a city's decision to remove, suspend, demote, or discharge a civil-service employee is limited to determining whether the 'disciplinary action was or was not made for political or religious reasons and was or was not made in good faith for cause.'" *Bates v. City of Natchez*, 247 So. 3d 338, 339 (¶5) (Miss. Ct. App. 2018)

2

(quoting Miss. Code Ann. § 21-31-23 (Rev. 2015)). On appeal from the Commission's decision, a circuit court reviews "the transcript of the proceedings before the Commission to determine 'whether the judgment or order of removal, discharge, demotion, suspension, or combination thereof made by the Commission, was or was not made in good faith for cause.'" *Id.* at 339-40 (¶5) (quoting Miss. Code Ann. § 21-31-23).

¶5. Where a party subsequently appeals from the circuit court's judgment to this Court, "[o]ur standard of review is limited to 'whether or not the action of the [Commission] was in good faith for cause.'" *Id.* at 340 (¶6) (quoting *Necaise v. City of Waveland*, 170 So. 3d 616, 618 (¶9) (Miss. Ct. App. 2015)). "Intertwined with this question [of good faith] is whether or not there was substantial evidence before the . . . Commission to support its order and whether it is arbitrary, unreasonable, confiscatory, and capricious." *Bowie v. City of Jackson Police Dep't*, 816 So. 2d 1012, 1017-18 (¶20) (Miss. Ct. App. 2002) (quoting *City of Meridian v. Hill*, 447 So. 2d 641, 643 (Miss. 1984)).

## DISCUSSION

¶6. On appeal, Banks asserts that the Commission failed to certify its findings in writing as required by section 21-31-23. In relevant part, section 21-31-23 provides that "[t]he findings of the commission *shall* be certified in writing to the appointing power . . . ." (Emphasis added). In addition to this statutory requirement regarding written findings, the Mississippi Supreme Court has held that the "Commission is under a duty to set forth with sufficient clarity and specificity the reason it is upholding the action taken by the city . . . ."

3

*City of Jackson v. Froshour*, 530 So. 2d 1348, 1355 (Miss. 1988).

¶7.    Similar to the present case, in *Bowie* a terminated police officer argued that the Commission simply affirmed the City's decision to fire him without setting forth any specific findings in its order. *Bowie*, 816 So. 2d at 1017 (¶19). Upon review, this Court agreed that "[t]he Commission [had] originally failed to set out any findings in relation to" the termination and had instead merely "issued an order stating [that] the City's firing of . . . [the officer] was in good faith." *Id.* at 1018 (¶21). After concluding that such a lack of findings failed to meet the statutory requirement of section 21-31-23, this Court "issued an order directing the Commission to make . . . finding[s] of fact in accord with the statute." *Id.* at (¶22). The Commission complied with the order and provided findings of fact to support its decision, and on appeal, this Court concluded that "[t]he Commission's finding that Bowie's termination was for good cause was made in good faith and is supported by substantial evidence . . . ." *Id.* at 1019 (¶27). Thus, although we ultimately affirmed the Commission's decision in *Bowie*, we only did so after the Commission complied with our order to provide specific findings of fact to support its decision. *Id.*

¶8.    As was initially the case in *Bowie*, the Commission here failed to certify in writing any findings to support its decision regarding Banks's suspension. Based on the requirements set forth in both section 21-31-23 and Mississippi caselaw, we reverse the circuit court's judgment so that on remand the Commission will have the opportunity to comply with the requirement to provide the appropriate written findings.

**CONCLUSION**

¶9. Because we find the Commission's order failed to set forth sufficient findings to support its decision to uphold Banks's suspension, we reverse the circuit court's judgment affirming the Commission's decision, and we remand this case to the Commission for further proceedings consistent with this opinion.

¶10. **REVERSED AND REMANDED.**

**BARNES, C.J., J. WILSON, P.J., GREENLEE, WESTBROOKS, McCARTY AND C. WILSON, JJ., CONCUR. McDONALD, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. CARLTON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY LAWRENCE, J.**

**CARLTON, P.J., DISSENTING:**

¶11. I respectfully dissent from the majority's decision to reverse the circuit court's judgment affirming the Commission's decision. The majority finds that the Commission's order failed to provide sufficient findings to support its decision to uphold Banks's suspension. Mississippi Code Annotated section 21-31-23 sets forth that pursuant to Banks's request for an investigation into her suspension, the Commission was required to conduct an investigation, and the "investigation shall be confined to the determination of the question of whether such disciplinary action was or was not made for political or religious reasons and was or was not made in good faith for cause[.]" Miss. Code Ann. § 21-31-23 (Rev. 2015). The record in this case shows that the Commission complied with the statutory requirements of section 21-31-23 and confined its investigation into Banks's suspension for a determination of whether the disciplinary action against Banks "was or was not made for

5

political or religious reasons" and if it "was or was not made in good faith for cause." *Id.* Additionally, as required by the Mississippi Supreme Court, the Commission's order was supported by substantial evidence in the record, and the Commission set forth the reasons for its findings with sufficient clarity and specificity. *See Bowie v. City of Jackson Police Dep't*, 816 So. 2d 1012, 1018 (¶21) (Miss. Ct. App. 2002). Accordingly, in keeping in mind our limited standard of review of a Commission's decision, I would affirm the circuit court's judgment. *See Bates v. City of Natchez*, 247 So. 3d 338, 340 (¶6) (Miss. Ct. App. 2018).

¶12. Our standard of review of a Commission's[1] decision is as follows: On appeal, this Court reviews the Commission's decision for a determination of "whether or not the action of the [Commission] was in good faith for cause." *Bates*, 247 So. 3d at 340 (¶6) (quoting *Necaise v. City of Waveland*, 170 So. 3d 616, 618 (¶9) (Miss. Ct. App. 2015)). "Intertwined with this question is whether or not there was substantial evidence before the [Commission] to support its order, and whether the decision is arbitrary, unreasonable, confiscatory, and capricious." *Id.* Furthermore, the Mississippi Supreme Court has held that in addition to the requirement of section 21-31-23 mandating written findings, "a Commission is under a duty to set forth with sufficient clarity and specificity the reason it is upholding the action taken by the city[.]" *Bowie*, 816 So. 2d at 1018 (¶21) (citing *City of Jackson v. Froshour*, 530 So. 2d 1348, 1355 (Miss. 1988)).

---

[1] We recognize that the supreme court has held that a Civil Service Commission is an administrative agency of the executive branch. *See City of Jackson v. Little*, 245 So. 2d 204, 205-06 (Miss. 1971); *City of Meridian v. Davidson*, 53 So. 2d 48, 52 (Miss. 1951).

6

¶13.    As stated, section 21-31-23 limits the Commission's review of the City's decision to suspend Banks to a determination of whether the "disciplinary action was or was not made for political or religious reasons and was or was not made in good faith for cause[.]"  Miss. Code Ann. § 21-31-23;[2] *see also Bates*, 247 So. 3d at 339 (¶5).  In the case before us, the record reflects that the Commission conducted a thorough review of the City's disciplinary action.  The Commission held a hearing and heard testimony from Detective Tonia Williams of the Jackson Police Department's Internal Affairs Division, Jackson Police Chief Lee Vance, and Banks.  After considering the testimony, the Commission entered an order and made a specific finding on the record that "having heard testimony and being fully advised in the premises . . . the disciplinary action in this matter was made in good faith and for cause and was not made for political reasons."

---

[2] Section 21-31-23 provides, in pertinent part, as follows:

Any person so removed, suspended, demoted, discharged or combination thereof may, within ten (10) days from the time of such disciplinary action, file with the commission a written demand for an investigation, whereupon the commission shall conduct such investigation. The investigation shall be confined to the determination of the question of whether such disciplinary action was or was not made for political or religious reasons and was or was not made in good faith for cause. After such investigation the commission may, if in its estimation the evidence is conclusive, affirm the disciplinary action, or if it shall find that the disciplinary action was made for political or religious reasons, or was not made in good faith for cause, shall order the immediate reinstatement or reemployment of such person in the office, place, position, or employment from which such person was removed, suspended, demoted, discharged or combination thereof, which reinstatement shall, if the commission so provides in its discretion, be retroactive, and entitle such person to pay or compensation from the time of such disciplinary action. . . .

7

¶14. Banks appealed from the Commission's decision to the circuit court. We recognize that "[a] trial court's review of the [Commission's] decision is limited to a review of the transcript of the proceedings before the Commission to determine 'whether the judgment or order of . . . suspension . . . made by the Commission, was or was not made in good faith for cause.'" *Bates*, 247 So. 3d at 339-40 (¶5). After its review, the circuit court found that

> [b]ecause the Jackson Police Department presented Lt. Banks with a notice of suspension stating both her violations and the factual basis for the violations and because Detective Williams and Chief Vance corroborated these facts in their testimonies during the Civil Service hearing, the Commission retained substantial evidence to affirm the Department's suspension of Lt. Banks's employment.

¶15. In support of its argument that the circuit court correctly affirmed the Commission's decision, the City cites to *Bates*, 247 So. 3d at 340 (¶9). In that case, the City of Natchez terminated police officer Vince Bates's employment. *Id*. at 339 (¶2). The Commission held a hearing and "determined that Bates should not have been terminated and modified the City's termination order." *Id*. The circuit court reviewed the Commission's order and "found that substantial evidence existed to support the [the Commission's] decision and that the [Commission] acted in good faith." *Id*. at (¶3). On appeal, Bates asserted that the Commission's order failed to "contain a discussion or analysis of how the [Commission] reached its decision." *Id*. at 340 (¶9). This Court observed that Bates failed to "cite to any law that requires the [Commission] to make detailed findings of fact." *Id*. Furthermore, after its review, this Court determined that "it is clear that the [Commission] conducted a thorough review because it found there was not substantial evidence to uphold the City's decision to

8

terminate Bates." *Id*.

¶16.    After my review, I find that per the requirements set forth in section 21-31-23, the Commission properly investigated Banks's suspension for a determination of whether the disciplinary action against Banks was made for political or religious religions and whether it was made in good faith for cause.  As required by the supreme court, the Commission set forth the reasons for its findings with sufficient clarity and specificity.  I further find that the Commission's order was supported by substantial evidence in the record.  Therefore, in applying our limited standard of review of a Commission's decision, I would affirm the circuit court's judgment.  *See Bates*, 247 So. 3d at 340 (¶6).

**LAWRENCE, J., JOINS THIS OPINION.**