# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CC-00405-COA

**JUSTIN ROBERTS**                                                                   **APPELLANT**

**v.**

**CITY OF JACKSON, MS**                                                               **APPELLEE**

DATE OF JUDGMENT:              02/12/2019
TRIAL JUDGE:                  HON. WINSTON L. KIDD
COURT FROM WHICH APPEALED:    HINDS COUNTY CIRCUIT COURT,
                              FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:       FRANCIS STARR SPRINGER
ATTORNEY FOR APPELLEE:        CARRIE JOHNSON
NATURE OF THE CASE:           CIVIL - OTHER
DISPOSITION:                  AFFIRMED - 10/27/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**CARLTON, P.J., FOR THE COURT:**

¶1.     The City of Jackson (the City) terminated Officer Justin Roberts's employment after concluding that he violated multiple Jackson Police Department (the Department) rules and regulations. Roberts appealed his termination to the Civil Service Commission for the City of Jackson (the Commission). After a hearing, the Commission upheld Roberts's termination. Roberts then appealed to the Hinds County Circuit Court, which issued a final order affirming the Commission's decision.

¶2.     On appeal before this Court, Roberts argues (1) the Commission's order affirming Roberts's termination is not supported by substantial evidence, and (2) the Commission failed to certify its findings in the investigation of Roberts's termination, as required by law.

After our review, we find that the Commission's decision was supported by substantial evidence and that the Commission set forth the reasons for its findings with sufficient clarity and specificity, as required by the Mississippi Supreme Court. *See Bowie v. City of Jackson Police Dep't*, 816 So. 2d 1012, 1017-18 (¶¶20-21) (Miss. Ct. App. 2002). Keeping in mind our limited standard of review of a Commission's decision, we affirm the circuit court's judgment. *See Bates v. City of Natchez*, 247 So. 3d 338, 340 (¶6) (Miss. Ct. App. 2018).

**FACTS**

¶3.    On February 11, 2017, Roberts, along with two other police officers, responded to a dispatch call concerning an individual causing a disturbance. The officers arrested the individual for disorderly conduct and placed handcuffs on him. According to Roberts, as he was walking the individual to the patrol car, he believed the individual was attempting to escape. Roberts stated that in order to regain control of the individual, he struck the individual several times. A bystander captured the incident on video, and the video garnered media attention. After learning of the video, the Department terminated Roberts's employment for violating the Department's rules and regulations for improper conduct and behavior. Because Roberts's conduct "created an incident of extraordinary circumstance," he was not granted a pre-termination hearing.[1]

¶4.    Roberts filed a timely notice of appeal with the Commission. The Commission held

---

[1] Roberts does not contest the denial of his pre-termination hearing in the current appeal.

2

a hearing on the matter on June 8, 2017. No findings were made on the record at the hearing. On July 6, 2017, the Commission entered an order affirming Roberts's termination. The order provided that "the disciplinary action in this matter was made in good faith and for cause and was not made for political reasons." Roberts then appealed the Commission's decision to the circuit court, which also affirmed Roberts's termination.

¶5. Aggrieved, Roberts now appeals. On December 2, 2019, this Court—on its own motion—entered an order requiring the Commission to provide it with written factual findings consistent with the applicable statute and caselaw authorities. The Court's order required the Commission to "submit written factual findings to this Court, stating with clarity and specificity the reason for upholding the action of the City of Jackson."

¶6. On December 23, 2019, the Commission filed its response. Both parties were permitted to submit supplemental briefing in light of the Commission's response. Roberts maintains that the Commission still failed to certify or provide factual findings.

**STANDARD OF REVIEW**

¶7. Our standard of review of the Commission's[2] decision is as follows: on appeal, this Court reviews the Commission's decision for a determination of "whether or not the action of the Commission was in good faith for cause." *Bates*, 247 So. 3d at 340 (¶6) (quoting *Necaise v. City of Waveland*, 170 So. 3d 616, 618 (¶9) (Miss. Ct. App. 2015)). "Intertwined

---

[2] The supreme court has held that a Civil Service Commission is an administrative agency of the executive branch. *See City of Jackson v. Little*, 245 So. 2d 204, 205-06 (Miss. 1971); *City of Meridian v. Davidson*, 211 Miss. 683, 53 So. 2d 48, 52 (1951).

3

with this question is whether or not there was substantial evidence before the [Commission] to support its order, and whether the decision is arbitrary, unreasonable, confiscatory, and capricious." *Id.* Furthermore, the supreme court has held that in addition to the requirement of Mississippi Code Annotated section 21-31-23 (Rev. 2015) that mandates written findings, "a Commission is under a duty to set forth with sufficient clarity and specificity the reason it is upholding the action taken by the city[.]" *Bowie*, 816 So. 2d at 1018 (¶21) (citing *City of Jackson v. Froshour*, 530 So. 2d 1348, 1355 (Miss. 1988)).

## DISCUSSION

¶8. On appeal, Roberts argues that the Commission's order affirming the City's decision to terminate Roberts was not supported by substantial evidence. Roberts also asserts that the Commission erred by failing to certify its findings in the investigation of Roberts's termination.

¶9. Section 21-31-23 sets forth that when an employee is discharged or removed from employment, the Commission "shall conduct" an investigation, which "shall be confined to the determination of the question of whether such disciplinary action was or was not made for political or religious reasons and was or was not made in good faith for cause[.]" Miss. Code Ann. § 21-31-23. The record in this case shows that upon affirming the City's termination of Roberts's employment, the Commission entered an order stating, "[T]he disciplinary action in this matter was made in good faith and for cause and was not made for political reasons." As stated, on December 2, 2019, this Court entered an order requiring the

4

Commission to provide it with written factual findings consistent with the applicable statute and caselaw authorities. The Court's order specifically directed the Commission to "submit written factual findings to this Court, stating with clarity and specificity the reason for upholding the action of the City of Jackson." The Commission filed a response setting forth that it affirmed Roberts's dismissal "for the cause(s) set forth in the termination letter and supported by the evidence presented during the investigation." The Commission stated that it therefore found that "the order was rendered in good faith for cause." The Commission further stated that its order, and the City's order, "was not arbitrary, unreasonable, confiscatory, or capricious."

¶10.    After our review, we find that the Commission complied with the statutory requirements of section 21-31-23 and confined its investigation into Roberts's suspension for a determination of whether the disciplinary action against Roberts "was or was not made for political or religious reasons," and whether it "was or was not made in good faith for cause." *Id.*  In its response to this Court's order, the Commission set forth the reasons for its findings with sufficient clarity and specificity. The Commission also specified that its order affirming Roberts's dismissal "was supported by the evidence presented during the investigation" and "was not arbitrary, unreasonable, confiscatory, or capricious," as required by the Mississippi Supreme Court. *See Bowie*, 816 So. 2d at 1018 (¶21).

¶11.    The record also reflects that the Commission conducted a thorough review of the City's disciplinary action. The Commission held a hearing and heard testimony from

Detective Adrian Turner of the Department's Internal Affairs Division; Commander Herman Horton, the Department's director of training; Michael Street, the director of training for the Meridian Public Safety Training Academy; Jackson Police Chief Lee Vance; and Roberts. At the hearing, both Detective Turner and Street testified that they observed the video footage of Roberts that led to the termination of Roberts's employment. Detective Turner described the video footage for the Commission, explaining that the footage "shows that [Roberts] swung at the suspect, who was in handcuffs at the time, several times in a matter of seconds[.]" Detective Turner stated that when he interviewed Roberts regarding the video footage, Roberts "admitted to striking [the suspect] at least once." At the hearing, Roberts also admitted to his actions, explaining that he used force to try to prevent the individual's escape.

¶12. Chief Vance also testified about the specific rules and policies Roberts violated. Chief Vance explained that in his termination letter to Roberts, he cited Roberts for violating two specific rules and regulations of the City of Jackson Police Department: (1) Section Two: Attention to Duty; and (2) Section 11.2: Improper Employee Conduct. The record reflects that Section 2.2 requires City of Jackson police officers, "whether on duty or off duty[,]" to "follow the ordinary and reasonable rules of good conduct and behavior and . . . not commit any act in any official or private capacity tending to bring reproach, discredit or embarrassment to their profession or the . . . Department." Section 11.2 provides that "[i]mproper conduct may be cause for disciplinary action." Section 11.2.22 sets forth that

6

improper conduct includes "willful and wanton brutality and cruelty to a prisoner or one detained while under arrest or sentence, provided that [the] act committed was not necessarily lawfully done in self-defense or to protect the lives of others or to prevent escape of the person lawfully in custody."

¶13. After considering the testimony presented, the Commission entered an order and made a specific finding on the record that "having heard testimony and being fully advised in the premises . . . the disciplinary action in this matter was made in good faith and for cause and was not made for political reasons."

¶14. We find that pursuant to the requirements set forth in section 21-31-23, the Commission properly investigated Roberts's termination for a determination of whether the disciplinary action against Roberts was made for political or religious reasons and whether it was made in good faith for cause.[3] As required by the supreme court, the Commission set forth the reasons for its findings with sufficient clarity and specificity. We further find that the Commission's order was supported by substantial evidence in the record. Therefore, in applying our limited standard of review of a Commission's decision, we affirm the circuit court's judgment. *See Bates*, 247 So. 3d at 340 (¶6).

¶15. **AFFIRMED.**

---

[3] We recognize that the Commission "is charged with the duty of being the fact finder in this case." *Breland v. City of Hattiesburg*, 276 So. 3d 1217, 1221 (¶9) (Miss. Ct. App. 2018). Additionally, "[i]ssues of credibility are to be determined by the [Commission]." *City of Laurel v. Brewer*, 919 So. 2d 217, 226 (¶36) (Miss. Ct. App. 2005) (citing *Nelson v. Miss. State Bd. of Veterinary Med.*, 662 So. 2d 1058, 1062-63 (Miss. 1995)).

7

**BARNES, C.J., WILSON, P.J., GREENLEE AND LAWRENCE, JJ., CONCUR. McCARTY, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. McDONALD, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. WESTBROOKS, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY McDONALD, J.**

**WESTBROOKS, J., DISSENTING:**

¶16.   The majority finds that the Commission set forth with sufficient clarity and specificity its reasons for affirming Roberts's termination.  Because I disagree, I respectfully dissent from the majority's opinion.

¶17.   Mississippi statutory law and caselaw clearly require the Commission to provide sufficient written factual findings regarding its decisions. Miss. Code Ann. § 21-31-23 (Rev. 2015); *Banks v. City of Jackson*, 295 So. 3d 571, 572 (¶2) (Miss. Ct. App. 2020).  When the Commission has failed to sufficiently explain the basis for its findings, this Court has not hesitated to direct the Commission to comply with its obligation.  *See Banks*, 295 So. 3d at 572 (¶2); *Bowie v. City of Jackson Police Dep't*, 816 So. 2d 1012, 1018 (¶22) (Miss. Ct. App. 2002).

¶18.   For example, in *Banks*, this Court concluded that the Commission's order upholding a police officer's suspension failed to contain sufficient written findings to support the Commission's determination. *Banks*, 295 So. 3d at 572 (¶2).  Much like the Commission's initial order in the present case, the order upholding Banks's suspension provided no written findings regarding the hearing conducted and merely stated that "the Commission finds that the disciplinary action in this matter was made in good faith and for cause and was not made

8

for political reasons." *Id.* at (¶3). As in the present case, Banks argued that substantial evidence not only failed to support the Commission's decision but that the Commission also failed to comply with the requirement to certify its findings in writing. *Id.* at (¶1). On appeal, this Court agreed that the Commission had indeed failed to comply with the requirement to provide sufficient written findings to support its decision. *Id.* at (¶2). We therefore reversed the circuit court's judgment in *Banks* and remanded the case for the Commission to comply with the dictates of Mississippi statutory law and caselaw. *Id.*

¶19. In *Bowie*, we also found that the Commission's decision to affirm an officer's termination failed to comply with the requirement to provide specific findings of fact to support its decision. *Bowie*, 816 So. 2d at 1018 (¶22). As a result, this Court "issued an order directing the Commission to make a finding of fact in accordance with the statute." *Id.* The Commission responded to our order by providing factual findings that (1) identified the specific civil-service rules the terminated officer had violated and (2) discussed the witness testimony the Commission had relied upon. *Id.* After review, this Court concluded the Commission's response had established a sufficient factual basis to prove that its decision was neither arbitrary nor capricious. *Id.* at (¶23).

¶20. Here, we entered a December 2, 2019 order that directed the Commission to comply with applicable statutory law and caselaw and to provide written factual findings to support its decision to affirm Roberts's termination. On December 23, 2019, the Commission filed a response that stated in pertinent part:

9

The Civil Service Commission affirmed the dismissal of Justin Roberts for the cause(s) set forth in the termination letter and supported by the evidence presented during the investigation. Therefore, the order was rendered in good faith for good cause. [Neither t]he Commission's nor the City's order was . . . arbitrary, unreasonable, confiscatory, or capricious.

The Commission found that the action taken by City of Jackson applied The General Orders of [the] Jackson Police Department. There was no evidence presented other than that which was presented during the investigation as shown on the transcript of the hearing . . . .

¶21. Like the order in *Banks*, and unlike the response provided in *Bowie*, the Commission's response here failed to identify with any clarity or specificity of the exact rules or policies it found Roberts had violated or the exact hearing evidence the Commission relied upon to reach its decision. Despite our limited standard of review on appeal, no dispute exists that the Commission must "set forth with sufficient clarity and specificity the reason it is upholding the action taken by the city . . . ." *Bowie*, 816 So. 2d at 1018 (¶21) (quoting *City of Jackson v. Froshour*, 530 So. 2d 1348, 1355 (Miss. 1988)). Because I find that the Commission's December 23, 2019 response wholly failed to comply with the requirements set forth in section 21-31-23 and Mississippi caselaw, I would follow the practice established in *Bowie* and *Banks* and reverse the circuit court's judgment affirming the Commission's decision. I would further remand this case to allow the Commission to comply with this Court's directive to certify in writing and to set forth with sufficient clarity and specificity its factual findings. I therefore respectfully dissent from the majority's opinion.

**McDONALD, J., JOINS THIS OPINION.**