# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2019-CT-00405-SCT

*JUSTIN ROBERTS*

*v.*

*CITY OF JACKSON, MS*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 02/12/2019 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| TRIAL COURT ATTORNEYS: | FRANCIS S. SPRINGER |
| | MONICA DAVIS ALLEN |
| | GREGORY BURNETT |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, |
| | FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | FRANCIS S. SPRINGER |
| ATTORNEY FOR APPELLEE: | CARRIE JOHNSON |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 08/19/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GRIFFIS, JUSTICE, FOR THE COURT:**

¶1.     In this certiorari case, we must determine whether the Civil Service Commission for the City of Jackson (Commission) sufficiently and clearly certified its findings when it affirmed the Jackson Police Department's termination of Officer Justin Roberts. Because the Commission failed to set forth with sufficient clarity and specificity its reasons for affirming Roberts's termination, we reverse the decisions of the Court of Appeals and the Hinds County Circuit Court, and we remand the case to the Commission to comply with this

Court's directive to certify in writing and to set forth with sufficient clarity and specificity its factual findings.

## FACTS AND PROCEDURAL HISTORY

¶2.     Officer Roberts was a police officer with the Jackson Police Department for two years.  He was terminated in February 2017 for violating various rules and regulations. Roberts timely appealed his termination to the Commission.  After a hearing, the Commission entered an order affirming Roberts's termination.  The Commission's order stated, "the disciplinary action in this matter was made in good faith and for cause and was not made for political reasons."

¶3.     Roberts appealed the Commission's order to the Hinds County Circuit Court, which affirmed Roberts's termination.  Roberts then appealed the circuit court's decision to this Court, and the case was assigned to the Court of Appeals.

¶4.     The Court of Appeals, on its own motion, entered an order finding that the Commission had "failed to comply with the statutory requirement that its findings be in writing . . . ." Order, *Roberts v. City of Jackson*, No. 2019-CC-00405-COA (Miss. Ct. App. Dec. 2, 2019).  The court ordered the Commission to "submit written factual findings . . . stating with clarity and specificity the reason for upholding the action of the City of Jackson." *Id.*  The Commission filed its response to the court's order.  *Roberts v. City of Jackson*, No. 2019-CC-00405-COA, 2020 WL 6281293, at *2 (Miss. Ct. App. Oct. 27, 2020).  Both parties were allowed to file supplemental briefs in light of the Commission's response. *Id.*

¶5.     The Court of Appeals found that the Commission's response complied with its order

and "with the statutory requirements of [Mississippi Code] [S]ection 21-31-23 [(Rev. 2015)].

. . . ." *Id.* at *3. The court concluded,

> We find that pursuant to the requirements set forth in [S]ection 21-31-23, the Commission properly investigated Roberts's termination for a determination of whether the disciplinary action against Roberts was made for political or religious reasons and whether it was made in good faith for cause. As required by the supreme court, the Commission set forth the reasons for its findings with sufficient clarity and specificity. We further find that the Commission's order was supported by substantial evidence in the record. Therefore, in applying our limited standard of review of a Commission's decision, we affirm the circuit court's judgment.

*Id.* (footnote omitted).

¶6. Roberts filed a petition for writ of certiorari with this Court. We granted the petition.

**STANDARD OF REVIEW**

¶7. "Our standard of review is limited to 'whether or not the action of the [Commission] was in good faith for cause.'" *Bates v. City of Natchez*, 247 So. 3d 338, 340 (Miss. Ct. App. 2018) (quoting *Necaise v. City of Waveland*, 170 So. 3d 616, 618 (Miss. Ct. App. 2015)). "Intertwined with this question is whether or not there was substantial evidence before the [Commission] to support its order[,] and whether the decision is arbitrary, unreasonable, confiscatory, and capricious." *Id.* (second alteration in original) (internal quotation marks omitted) (quoting *Necaise*, 170 So. 3d at 618).

**ANALYSIS**

¶8. Roberts asserts "that the [Commission] did not sufficiently and clearly certify its findings when it affirmed the Jackson Police Department's firing of [him]." He further asserts that the Court of Appeals' decision "directly conflicts with [other] decision[s] of that

3

court, and with an Order more recently from this Court." We agree.

¶9. Under Section 21-31-23, "[t]he findings of the [C]ommission *shall* be certified in writing to the appointing power, and shall be forthwith enforced by such officer." (Emphasis added.) Additionally, the "Commission is under a duty to set forth with sufficient clarity and specificity the reason it is upholding the action taken by the city, as well as it is the duty of the city to set forth clearly the reasons for its disciplinary action." *City of Jackson v. Froshour*, 530 So. 2d 1348, 1355 (Miss. 1988).

¶10. In *Bowie v. City of Jackson Police Department*, Officer Bowie was terminated from his employment at the Jackson Police Department. *Bowie v. City of Jackson Police Dep't*, 816 So. 2d 1012, 1013 (Miss. Ct. App. 2002). The Commission originally failed to set forth any findings in relation to Bowie's case. *Id.* at 1018. Instead, the Commission issued an order simply stating that the City's termination of Bowie was in good faith. *Id.* The Court of Appeals found, "[s]uch action [wa]s not enough." *Id.* It noted,

> In addition to [Section 21-31-23] requiring written findings, the Mississippi Supreme Court has held that the "Commission is under a duty to set forth with sufficient clarity and specificity the reason it is upholding the action taken by the city, as well as it is the duty of the city to set forth clearly the reasons for its disciplinary action."

*Id.* (quoting *Froshour*, 530 So. 2d at 1355).

¶11. Because of the Commission's failure to set forth any findings in relation to Bowie's case, "th[e] court issued an order directing the Commission to make a finding of fact in accordance with [Section 21-31-23]." *Id.* The court's order was followed, and the Commission submitted findings of fact in accordance with the statute. *Id.* After considering

4

the Commission's findings, the court concluded, "the actions taken by the Commission were for good cause[,] [t]here [wa]s substantial evidence which support[ed] the Commission's decision to terminate Bowie, and the basis provided in the Commission's findings of fact prove[d] the decision was not arbitrary and capricious." *Id.* As a result, the court affirmed the Commission's decision. *Id.*

¶12. In *Banks v. City of Jackson*, the City of Jackson suspended Lieutenant Banks for thirty days without pay for violating several departmental policies. *Banks v. City of Jackson*, 295 So. 3d 571, 572 (Miss. Ct. App. 2020). Banks appealed to the Commission, which upheld Banks's suspension. *Id.* But "the Commission failed to set forth any written findings regarding its determination." *Id.* "Instead, the Commission's order simply stated that 'having heard testimony and being fully advised in the premises[, the Commission] finds . . . [t]hat the disciplinary action in this matter was made in good faith and for cause and was not made for political reasons.'" *Id.* (alterations in original). Banks appealed the Commission's decision to the circuit court, which affirmed her suspension. *Id.* Banks then appealed to this Court, and the case was assigned to the Court of Appeals. *Id.*

¶13. The Court of Appeals found that "the Commission's order failed to set forth sufficient findings to support its decision to uphold Banks's suspension[.]" *Id.* at 573. As a result, the court reversed the circuit court's judgment affirming the Commission's decision, and it remanded the case to the Commission for further proceedings. *Id.* In doing so, the court noted that "although [it] [had] ultimately affirmed the Commission's decision in *Bowie*, [it] only did so after the Commission complied with [its] order to provide specific findings of

fact to support its decision." *Id.* (citing *Bowie*, 816 So. 2d at 1019).

¶14. Recently, in *Lampley v. City of Jackson*, four patrol officers with the Jackson Police Department were reassigned to unspecified "non-law enforcement" duties. *See* Mandate, *Lampley v. City of Jackson*, No. 2019-CC-01688-SCT (Miss. Sept. 17, 2020). The officers appealed the reassignment to the Commission. The Commission issued an order stating "[t]hat the . . . employees [we]re to return to full police duties effective immediately." But the Commission made no factual findings in its order, and the order did not clearly define what was meant by "return to full police duties." The officers sought a writ of mandamus in the Hinds County Circuit Court and requested that the circuit court compel the City of Jackson to comply with the Commission's order. The circuit court denied the petition and dismissed the case. The officers appealed to this Court.

¶15. While on appeal, the parties filed a joint motion to dismiss the appeal, agreeing that, as in *Banks*, the "order of the [Commission] fail[ed] to contain certain information . . . ." This Court denied the joint motion, vacated the judgments of the circuit court and the Commission, and remanded the case to the Commission for further consideration consistent with *Banks*. Order, *Lampley v. City of Jackson*, No. 2019-CC-01688 (Miss. Aug. 27, 2020).

¶16. Here, as in *Bowie*, the Court of Appeals found that the Commission had failed to comply with Section 21-31-23, and it ordered the Commission to "submit written factual findings to th[e] [c]ourt, stating with clarity and specificity the reason for upholding the action of the City of Jackson." *Roberts*, 2020 WL 6281293, at *1 (internal quotation marks omitted). In response, the Commission submitted the following:

6

The Civil Service Commission affirmed the dismissal of Justin Roberts for the cause(s) set forth in the termination letter and supported by the evidence presented during the investigation. Therefore, the order was rendered in good faith for cause. The Commission's nor the City's order was not arbitrary, unreasonable, confiscatory, or capricious.

The Commission found that the action taken by City of Jackson applied [t]he General Orders of Jackson Police Department. There was no evidence presented other than that which was presented during the investigation as shown on the transcript of the hearing (see attached).

¶17. The Court of Appeals found that the Commission's response "complied with the statutory requirements of [S]ection 21-31-23" and that the response "set forth the reasons for [the Commission's] findings with sufficient clarity and specificity." *Id.* at \*3. We disagree.

¶18. The Commission failed to comply with the applicable statute and case law. The Commission's response does not "set forth with sufficient clarity and specificity the reason it is upholding the action taken by the city[.]" *Bowie*, 816 So. 2d at 1018 (quoting *Froshour*, 530 So. 2d at 1355). As the dissenting opinion in *Roberts* notes, in *Bowie*, after the court ordered it to make specific findings of fact in accordance with the statute, "[t]he Commission responded . . . by providing factual findings that (1) identified the specific civil-service rules the terminated officer had violated and (2) discussed the witness testimony the Commission had relied upon." *Roberts*, 2020 WL 6281293, at \*4 (Westbrooks, J., dissenting) (citing *Bowie*, 816 So. 2d at 1018). "[U]nlike the response provided in *Bowie*, the Commission's response here failed to identify with any clarity or specificity . . . the exact rules or policies it found Roberts had violated or the exact hearing evidence the Commission relied upon to reach its decision." *Id.*

¶19. As a result of the Commission's insufficient response, we are unable to determine

7

"whether or not the action of the [Commission] was in good faith for cause" or "whether or not there was substantial evidence before the [Commission] to support its order[,] and whether the decision is arbitrary, unreasonable, confiscatory, and capricious." *Bates*, 247 So. 3d at 340 (third alteration in original) (internal quotation marks omitted) (quoting *Necaise*, 170 So. 3d at 618).

¶20.   The Commission's response here fails "to set forth sufficient findings to support its decision to uphold [Roberts]'s suspension." *Banks*, 295 So. 3d at 573.  In other words, the Commission failed "to set forth with sufficient clarity and specificity the reason it is upholding the action taken by the city." *Bowie*, 816 So. 2d at 1018 (quoting *Froshour*, 530 So. 2d at 1355).  Consequently, the decisions of the Court of Appeals and of the Hinds County Circuit Court are reversed, and the case is remanded to the Commission to set forth its findings with clarity and specificity as required by Section 21-31-23 and in accordance with *Bowie*, *Banks*, and *Lampley*.

¶21.   **REVERSED AND REMANDED.**

        **RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.**